```
                  UNITED STATES DISTRICT COURT
                FOR THE  DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA         :
         V.                      :  Cr. No. 04-562
ALLAN BAILEY,                    :
HARRY WRIGHT, III,               :
     et al,                      :
```

GOVERNMENT'S MOTION TO EXCLUDE
TIME UNDER THE SPEEDY TRIAL ACT

INTRODUCTION

The United States respectfully submits this motion seeking to exclude time from the calculation of the date by which the defendants in this case must be tried pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. Section 3161. As set forth herein, the Speedy Trial Act specifically authorizes the Court to: (1) grant a continuance of the trial date in the interests of justice because of the complexity of the case, 18 U.S.C. Section 3161(h)(8)(A); (2) exclude, any period of delay, not to exceed one year, where the government has made an official request for foreign evidence, 18 U.S.C. 3161(h)(9); and (3) exclude, a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been grants, 18 U.S.C. 3161(h)(7). The following sections set forth the factual background of the

1

case and the legal principles that apply to the Court's decision. A draft order for the Court's consideration is also attached hereto.

## FACTUAL BACKGROUND

1.  The prosecution in this case targets a multinational drug trafficking organization that operated in the Carribean and the United States from January 1996 through December 2002. During this six year period, the object of this drug trafficking organization was to obtain multi-kilogram quantities of cocaine outside the United States, including Barbados, Grenada and elsewhere and to smuggle the cocaine into the United States by couriers traveling aboard commercial airline flights.

2.  This case arises from evidence obtained as a result of the arrest in Grenada, West Indies, in October 2002 of two couriers attempting to import approximately seven (7) kilograms of cocaine into the United States. They were arrested at the Port Salinas Airport in Grenada attempting to board an Air Jamaica flight to New York. During their post-arrest interviews, both women indicated that the drugs, which were concealed upon their bodies, belonged to Allan Bailey (Bailey) and Harry Wright (Wright).

3.  As a result of the arrest, the Drug Enforcement Administration (DEA) has conducted an historical investigation into the Bailey and Wright drug trafficking organization.  DEA

has documented several other couriers who have smuggled cocaine into the United States on behalf of Bailey and Wright.

    4.   The evidence in this case establishes the existence of a drug transportation and distribution organization run by Bailey and Wright which obtained cocaine from multiple sources of supply in Miami, Grenada, Barbados, and elsewhere.  The cocaine was transported to New York and Philadelphia for distribution.  The evidence connects the organization to four loads of cocaine which were seized while being smuggled into, or after being smuggled into, the United States.  In addition, numerous loads of cocaine were successfully imported into the United States and distributed without law enforcement detection.

    5.   Defendants Bailey and Wright have both traveled to Barbados, Grenada, and elsewhere to obtain multi-kilogram quantities of cocaine which they personally distributed to couriers to smuggle into the United States aboard commercial airline flights.

    6.   Cooperating witnesses have provided specific, detailed evidence concerning the importation activities of Bailey and Wright.  Two couriers have pled guilty to related drug trafficking charges, and have entered into plea and cooperation agreements with the government.  They have provided reliable, confirmed information about this drug conspiracy and have agreed to testify as witnesses in this case should the matter proceed to

trial.  They state that they were recruited by Wright and Bailey to travel to the West Indies and smuggle cocaine into the United States.  Furthermore, they stated that they received the cocaine directly from Bailey and Wright in Grenada.  Three additional couriers who smuggled cocaine into the United States from Grenada and/ or Barbados for the defendants have also provided statements, which have been corroborated by DEA, detailing their involvement in importing additional loads of cocaine, obtained from Bailey and Wright, into the United States.  They have agreed to testify as witnesses at trial.

7.  Additional witnesses, including defendants who have been prosecuted and convicted for drug trafficking offenses, have provided detailed evidence of Bailey's domestic drug trafficking activities.

8.  DEA agents arrested Wright in Philadelphia on April 22, 2005, on a warrant issued at the time of his indictment.  At the time of his arrest, Wright was carrying a handgun and license purportedly indicating that he was a bail bondsman.  After his arrest, the defendant made statements to DEA agents and Task Force Officers implicating himself and co-defendant Bailey in the importation and distribution of cocaine.

9.  Moreover, the case is corroborated by foreign evidence, including: (1) the investigation by foreign law enforcement officers, including testimonial and physical evidence related to

4

the arrests of two couriers in Grenada and surveillance showing Bailey's travel with a known courier; (2) foreign and domestic business records, such as phone records, showing contact between the various coconspirators; and (3) foreign and domestic immigration and custom records, corroborating travel and contact by Bailey, Wright, and other coconspirators to/ from Barbados and Grenada.

## LEGAL ANALYSIS

A.  The Trial Date Should Be Continued In The Interests
    Of Justice Because Of The Complexity Of The Case

The Speedy Trial Act requires a defendant to be tried within seventy days from the filing of his indictment or from the date on which he appears before a judge or magistrate, whichever occurs first. See 18 U.S.C. §§ 3161(c)(1). The Speedy Trial Act, however, authorizes the Court to effectively toll the seventy day trial period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(8)(A). In determining whether to grant a continuance, one factor the Court must consider is

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits [prescribed by the statue]

18 U.S.C. §3161(h)(8)(B)(ii).

Numerous decisions have declared cases to be sufficiently "complex" within the meaning of the Speedy Trial Act to warrant a continuance of the trial date. In <u>United States v. Brooks</u>, 697 F.2d 517 (3d Cir.1982), for example, the appellants challenged their criminal convictions asserting violations of their rights under the Speedy Trial Act. In rejecting these claims, the Third Circuit upheld the decision of the district court granting a continuance pursuant to 18 U.S.C. §§ 3161(h)(8)(B)(ii). The trial court relied on the fact that the indictment charged nine individuals with engaging in a lengthy drug conspiracy involving the manufacture and distribution of a controlled substance in violation of 28 U.S.C. § 846. The indictment also detailed four separate substantive charges of possession and distribution of controlled substances by some members of the conspiracy. On these facts, the Court of Appeals concluded that the trial court's holding that the case was complex and warranted additional time for preparation before trial was proper. 697 F.2d at 522.

Similarly, in <u>United States v. Al-Arian</u>, 2003 W.L. 21403733 (M.D. Fla.), the trial court concluded that a case involving a group of international criminals was sufficiently complex to warrant granting the Government's continuance request. The evidence in that case consisted of 21,000 hours of recorded conversations in Arabic, hundreds of boxes of documentary evidence, and voluminous other foreign law enforcement materials.

Based upon the complexity of the case the trial court granted a continuance from June 5, 2003, until January 10, 2005 - a period of 19 months. See also United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (concluding that an "ends of justice" continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which were in the Dutch language, and many foreign witnesses); United States v. Accetturo, 783 F.2d 382, 387 (3d Cir.1986) (case involving twenty-three defendant indictment on several counts of racketeering held complex); United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

In this case, the interests of justice would be served by the scheduling of the trial date at a future date.  This case, which involves an international conspiracy that operated for approximately six years, is sufficiently complex to justify such a continuance.  Specifically, the indictment charges four named co-conspirators with a conspiracy beginning on or about 1996 and continuing to 2002.  The indictment also charges four substantive drug counts.

Furthermore, the proof in this case will require the government to prove multiple acts that occurred outside the

District of Colombia, including, more significantly, acts committed outside of the United States.  The drug trafficking organization (namely Bailey and Wright) obtained multi-kilogram quantities of cocaine outside the United States, in Barbados, Grenada and elsewhere, and distributed it to drug couriers in several Carribean locals.  The drug couriers then smuggled the cocaine into the United States on board commercial airliners.  The drug were smuggled into various cities within the United States, including Miami, New York, and Philadelphia.  The majority of the evidence in this case was obtained outside the District of Colombia and much of the evidence, physical and testimonial, is foreign in nature.

   Moreover, because the case involves the extraterritorial application of United States law and the prosecution of a multiple member international drug conspiracy, it may present novel questions of fact or law.  Accordingly, the government submits that the ends of justice would be served and the interest of the public and the defendant are outweighed by granting a continuance of the trial date.  At this early stage of the trial proceedings, it is impossible to gauge how long it will take the parties to prepare for trial.  Accordingly, the government requests that the case be certified as complex, and that the Court consider the setting of the time for a trial at a future status hearing.

B.  **Time Under The Speedy Trial Act Should Also Be Excluded Based Upon the Government's Official Request For Foreign Evidence.**

The Speedy Trial Act states that a period of delay shall be excluded in computing the time within which the trial must commence under the following circumstance:

> any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

18 U.S.C., Section 3161(h)(9).  See also United States v. Serna, 630 F.Supp. 799 (S.D.N.Y. 1986)(finding the government was entitled to continued exclusion of time not to exceed one year under 18 U.S.C.A. section 3161(h)(9) while the government made a diligent and good faith effort to obtain evidence gathered by the Spanish police); United States v. Strong, 608 F.Supp. 188 (E.D. Pa. 1985)(concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for the effective preparation in a complex case that sought evidence from Hong Kong).

In this case, the prosecution has made three official requests for foreign evidence, each of which remains outstanding.[1]  Specifically, a request was made to the Central

---

[1] In an effort to expedite the acquisition of the requested materials, the government has informed the foreign government in each of its requests that a case is pending in court and that the

9

Authority of Barbados on May 13, 2005, pursuant to the Mutual Legal Assistance Treaty, which governs such requests between the United States and Barbados.[2]  The government, by way of this formal request, seeks foreign evidence, including telephone records and the identifying and freezing of assets belonging the charged drug trafficking organization.  In August 2005, the prosecution made two additional official requests for foreign evidence.[3]  Specifically, a request was made to the Central Authority of Barbados for the following records: passport and immigration records; additional telephone records; tax, customs and property records; business records; vehicle records; and criminal records.  The government made a similar request to the Central Authority of Grenada for the following records: passport and immigration records; police reports; business records; and criminal records.  This foreign evidence corroborates the

---

materials sought are essential.  The government has also asked the respective foreign governments to treat each request with urgency.  Furthermore, the government is working with its local DEA contact to expedite the requests.

[2] The government was advised by the DEA and foreign law enforcement officials to make any official requests for evidence after the arrest of Bailey and Wright because the organization's contact and influence over corrupt foreign government officials.  Bailey was arrested on March 11, 2005; and Wright was arrested on April 22, 2005.

[3] The prosecution forwarded these requests to the U.S. Department of Justice – Office of International Affairs (OIA) the week of August 21, 2005.  OIA has advised that the requests will be forwarded to the foreign governments the week of September 4, 2005.

anticipated testimony of several government witnesses and is therefore necessary for the effective prosecution of this case. Accordingly, any period of delay, not to exceed one year, awaiting the foreign evidence should be excluded under the Speedy Trial Act.

C.  The Time Until The Remaining Defendant Is in Custody Should Be Excluded Under The Speedy Trial Act

There exists an additional basis for excluding time under the Speedy Trial Act, which states that the following period of delay shall be excluded in computing the time within which the trial must commence:

> a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted

18 U.S.C. Section 3161(h)(7). In United States v. Varella, 692 F.2d 1352, 1358 (11th Cir. 1982), the court noted this provision embodied Congress' recognition that "the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time." Thus, other courts have relied upon this provision as a basis to exclude significant periods of time from the computation of a defendant's speedy trial calendar.

In United States v. Franklin, 148 F.3d 451 (5th Cir. 1998), for example, the court found that excluding 134 days while police searched for a fugitive co-defendant was reasonable in order to

permit a joint trial of the defendants in a drug conspiracy case. "The utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." 148 F.3d at 457 (internal quotations omitted).

Indeed, in United States v. Tobin, 840 F.2d 867 (11th Cir. 1988), the Court found that the exclusion of eight months and ten days based upon in an unsuccessful effort to capture a fugitive co-defendant was reasonable. The court reasoned that under the "totality of the circumstances" the delay was necessary to determine if the goal of a single trial could be met and that the defendant was not prejudiced, "particularly in terms of impairing his ability to defend himself." 840 F.2d at 869. See also United States v. Register, 182 F.3d 820, 826-28 & n. 8 (11th Cir. 1999)(holding that a 38 month delay, while extraordinary, did not raise speedy trial concerns where the delay had resulted in part from the periodic joinder of defendants and the return of several superseding indictments);

These same interests clearly support the exclusion of time under the Speedy Trial Act in this case until the last defendant is in custody.  In this case, three of the four defendants have been arrested.  The one remaining defendant, Shirlene Williams, is a fugitive.  Ms. Williams is a citizen of the United States

with significant connections to the Philadelphia area. Federal law enforcement officers are currently taking steps to apprehend Ms. Williams.

The defendants in this case are charged in a single conspiracy and interests of judicial economy strongly weigh in favor of a single trial. The burden of multiple trials in this case would be enormous, particularly because of the costs associated with bringing numerous law enforcement witnesses from Barbados and Grenada to the United States. More importantly, interests of witness safety would be severely complicated if the cooperating individuals in this case are forced to testify at multiple trials. Accordingly, this Court should rely upon the specific statutory exclusion of time to toll the running of the Speedy Trial Act until the last defendant is taken into custody.

CONCLUSION

For all of the foregoing reasons, the Government respectfully requests that this motion be granted.

Respectfully submitted

THOMAS PADDEN, Acting Chief
Narcotics and Dangerous Drug Section

_____
Michael DiLorenzo
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005
(202) 305-2338